UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

CHRISTINE SZPONDOWSKI,

    Plaintiff,

v.

CLEVELAND CLINIC WESTON
HOSPITAL NONPROFIT
CORPORATION,
a Florida Not For Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, CHRISTINE SZPONDOWSKI ("Ms. Szpondowski" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, CLEVELAND CLINIC WESTON HOSPITAL NONPROFIT CORPORATION ("CCWH" or "Defendant"), a Florida not for profit corporation, and alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Defendant is a Florida not for profit corporation that is located and does business in Weston, Broward County, Florida, and is therefore within the jurisdiction of this Court.

7. Plaintiff worked for Defendant in St. Lucie County, Florida, and therefore the proper venue for this case is the Fort Pierce Division of the Southern District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11. Defendant was at all times relevant an "employer" as envisioned by the ADA as well as $ 760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12. On or around November 3, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against CCWH.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On December 9, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff worked for CCWH, most recently as a Registered Nurse Manager at one of CCWH's emergency room locations in Port St. Lucie, St. Lucie County, Florida, from October 14, 2018, until her forced discharge on July 4, 2020.

18. From late November of 2019 through January 3, 2020, Ms. Szpondowski utilized unpaid FMLA leave due to her father's death.

19. From March 14, 2020, through April 19, 2020, Ms. Szpondowski utilized a period of continuous unpaid FMLA leave in order to treat and address a suspected disability and serious health condition, specifically COVID-19.

20. Ms. Szpondowski returned to work at CCWH on April 23, 2020.

21. Upon Ms. Szpondowski's return to work, CCWH Emergency Room Director Stacey Sweeney insisted that Ms. Szpondowski meet with her to "review" her job performance and to discuss "expectations."

22. During this meeting, Ms. Sweeney told Ms. Szpondowski, "your [job performance] score this year is lower and the only reason is because of your absences," a direct reference to Ms. Szpondowski's disability and serious health condition, and her utilization of what should have been job-protected FMLA leave to treat and address her disability and serious health condition.

23. Ms. Sweeney continued, stating, "I really have no complaints against your work ethic but since you have been absent so much, I cannot give you a better review."

24. Ms. Sweeney tried to coerce Ms. Szpondowski to sign off on the misguided "performance review."

25. Ms. Szpondowski wisely declined to do so, and objected to Ms. Sweeney that CCWH's actions constituted disability discrimination as well as FMLA interference and retaliation.

26. Ms. Sweeney replied, "I don't think the FMLA applies in this instance."

27. Shortly thereafter, Ms. Sweeney papered Ms. Szpondowski's personnel file with so-called writeups for absences on dates when Ms. Szpondowski was out of work on approved FMLA leave.

28. Ms. Szpondowski again objected to Ms. Sweeney, stating that CCWH's actions constituted discrimination based on disability, as well as interference and retaliation in violation of the FMLA.

29. Thereafter, Ms. Sweeney and other CCWH Managers harassed Ms. Szpondowski relentlessly, and nitpicked her at every turn.

30. Associates of Ms. Szpondowski warned her that "Stacey and the other two do not like you at all," and that "you really need to watch everything that you do; they are watching you like a hawk."

31. On April 26, 2020, CCWH discriminated and retaliated against Ms. Szpondowski further by removing her from the HICS (hospital incident command system) emails without explanation.

32. Ms. Szpondowski had theretofore been on the HICS team since it was implemented in 2014.

33. Ms. Sweeney told Ms. Szpondowski that Ms. Szpondowski's "absences" had "put a burden on the other employees."

34. In May of 2020, Ms. Szpondowski learned that CCWH was still penalizing her for absences on dates that were actually dates of approved FMLA leave.

35. On July 4, 2020, CCWH's Charge Nurse approached Ms. Szpondowski and informed her that Ms. Sweeney had told him to "watch" Ms. Szpondowski and to immediately call or text Ms. Sweeney if Ms. Szpondowski did anything wrong.

36. CCWH's Charge Nurse further related to Ms. Szpondowski that Ms. Sweeney had been having other CCWH employees surveil Ms. Szpondowski similarly for quite some time.

37. The weight of these revelations caused Ms. Szpondowski to suffer an accelerated pulse and elevated blood pressure.

38. Ms. Szpondowski was admitted to the emergency room for treatment due to these symptoms.

39. That same day, July 4, 2020, realizing that the discrimination and retaliation based on disability, and the FMLA interference and retaliation, would not soon end, and were indeed getting more severe, Ms. Szpondowski regretfully resigned her employment with CCWH.

40. No reasonable person would have done otherwise.

41. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Szpondowski notifying CCWH of her serious health condition, and in retaliation for Ms. Szpondowski's utilization of unpaid leave pursuant to the FMLA in order to address same, and in retaliation for her objections to Defendant's violations of law.

42. Defendant did not have a legitimate, non-discriminatory and non-retaliatory reason for its actions.

43. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation, and retaliation for Plaintiff's objections to Defendant's violations of law.

44. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

45. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by CCWH.

46. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of what should have been protected FMLA leave.

47. Plaintiff's discharge was for pretextual, retaliatory, and discriminatory reasons, including, but not limited to, her objections to Defendant's conduct in not taking prompt remedial measures to alleviate disability discrimination and retaliation and FMLA interference and retaliation as the law requires.

48. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

49. Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

50. The timing of Plaintiff's termination makes the causal connection between her use of FMLA leave and her termination sufficiently clear.

51. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

52. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

53. CCWH was aware of Plaintiff's ADA/FCRA-protected disability.

54. Ms. Szpondowski is an individual with a disability who was nevertheless fully capable of performing the essential functions of her job.

55. CCWH, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment.

56. In reality, Defendant's discharge of Ms. Szpondowski stemmed from its discriminatory animus toward her disclosure of her disabilities and serious health conditions.

57. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

58. In short, Defendant discriminated against Ms. Szpondowski based solely upon her disabilities, and retaliated against her for her objections to the discrimination.

59. At all times material hereto, Plaintiff was ready, willing, and able to perform her job duties, and otherwise qualified for her position.

60. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with or without reasonable accommodation.

61. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

62. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

63. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

64. Ms. Szpondowski was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a protected class member as envisioned by the ADA and the FCRA.

65. Ms. Szpondowski suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability," and because of her objections to the discrimination to which CCWH subjected her.

66. As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

67. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

68. CCWH lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

69. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA/EFMLEA**

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 51, 55 through 56, and 67 through 69, above, as if fully set forth in this Count.

71. At all times relevant hereto, Plaintiff was protected by the FMLA.

72. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

73. At all times relevant hereto, Defendant interfered with Plaintiff by voicing displeasure about Plaintiff's use of what should have been protected FMLA leave, by writing Plaintiff up for absences on dates of approved FMLA leave, by penalizing Plaintiff on her performance review for FMLA absences, by unfairly surveilling Plaintiff because of her utilization of approved FMLA leave, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

74. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

75. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA/EFMLEA

76. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 51, 55 through 56, and 67 through 69, above, as if fully set forth in this Count.

77. At all times relevant hereto, Plaintiff was protected by the FMLA.

78. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

79. At all times relevant hereto, Defendant retaliated against Plaintiff by writing her up for utilizing FMLA leave, by citing her utilization of FMLA leave in support of a suboptimal

performance review, by subjecting her to humiliating and unbearable surveillance, and by forcing her discharge for applying for FMLA leave, and for utilizing what should have been job-protected FMLA leave.

80. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

81. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

82. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III**
**DISCRIMINATION UNDER THE ADA BASED ON DISABILITY**

83. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 17, 19 through 43, 47 through 49, 52 through 67, and 69, above, as if fully set forth in this Count.

84. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

85. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

86. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

88. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

89. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

91. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 17, 19 through 43, 47 through 49, 52 through 67, and 69, above, as if fully set forth in this Count.

92. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

93. The discrimination to which Plaintiff was subjected was based on her disability, or "perceived disability."

94. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

96. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

97. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA
## BASED ON DISABILITY

98. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 17, 19 through 43, 47 through 49, 52 through 67, and 69, above, as if fully set forth in this Count.

99. Plaintiff was discharge within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disabilities.

100. Plaintiff's objections constituted protected activity under the ADA.

101. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

102. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

103. Defendant's stated reasons for Plaintiff's termination are a pretext.

104. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

106. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

107. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

108. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 17, 19 through 43, 47 through 49, 52 through 67, and 69, above, as if fully set forth in this Count.

109. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disabilities.

110. Plaintiff's objections constituted protected activity under the FCRA.

111. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

112. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

113. Defendant's stated reasons for Plaintiff's termination are a pretext.

114. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

115. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

116. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

117. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 14th day of March, 2022.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*